No. 85–7165. GRANDISON *v.* MARYLAND. Ct. App. Md. Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Petitioner Anthony Grandison was sentenced to death by an improperly instructed jury and did not have the benefit of representation at his sentencing hearing. Because I believe that the jury's instructions under the Maryland statute improperly shifted to petitioner the burden of disproving the appropriateness of his death sentence, and that the denial of a request for legal representation in the sentencing phase of a bifurcated capital proceeding constitutes a violation of the Sixth Amendment right to counsel, I dissent.

I

Petitioner was tried for murder, conspiracy to commit murder, and use of a handgun in the commission of a crime of violence, for hiring someone to kill two witnesses scheduled to testify against him in his trial on federal drug charges. The jury found petitioner guilty on all charges and sentenced him to death. Petitioner claims that the Maryland capital sentencing statute and the verdict sheet provided to the jury improperly imposed upon

him the burden of proof at the sentencing phase. I continue to believe that this issue is worthy of review. See *Huffington* v. *Maryland*, 478 U. S. 1023 (1986) (MARSHALL, J., dissenting from denial of certiorari); *Stebbing* v. *Maryland*, 469 U. S. 900 (1984) (MARSHALL, J., dissenting from denial of certiorari).

The State argues that petitioner's claim is foreclosed by a state-court construction of the statute holding that the prosecution bears the burden of persuasion. See *Foster* v. *State*, 304 Md. 439, 476–480, 499 A. 2d 1236, 1256–1257 (1985). In this case, however, the jury was provided with a verdict sheet that unambiguously directed the jurors to return a sentence of death *unless* mitigating circumstances outweighed aggravating circumstances. The Maryland Court of Appeals may construe the statute to avoid any constitutional difficulty. But the trial court's instructions and the verdict form submitted to the jury must reflect that construction. Here, the verdict form did not; the constitutional infirmity therefore remains undiminished.

## II

At his arraignment, petitioner asserted the right to represent himself under *Faretta* v. *California*, 422 U. S. 806 (1975). Petitioner was informed of his right to counsel, the dangers of self-representation, and the advantages of having counsel to assist at trial and sentencing. Petitioner nonetheless chose to proceed *pro se*. He was granted the right to have "standby" counsel, but conducted his own defense. The jury returned a verdict of guilty on all counts.

At the first scheduled sentencing proceeding, petitioner asked the court to appoint the lawyer who had served as standby counsel to represent him in the sentencing proceeding. He also sought a continuance, since neither he nor his counsel was prepared to go forward. The court refused to terminate petitioner's self-representation, stating:

> "Once the decision is made regarding self-representation, if it is properly made prior to trial, the request to change rests solely within the discretion of the trial court. The right must be timely asserted. It must be asserted before the trial starts. Of course, this is not timely asserted. Whether we continue with it or not, what I am inclined to do about self-representation is leave it just like it is, and let [standby counsel] take over and handle the proceeding as standby counsel

with Mr. Grandison's permission. Grandison will still be the attorney." Pet. for Cert. 8–9.

Moreover, the court instructed standby counsel: "Keep in mind, Mr. Crawford, you are not the attorney in this. Mr. Grandison is his own attorney. You are just kind of a law clerk." *Id.*, at 9. The court granted an 8-day continuance; at the reconvened sentencing hearing, it again made clear that Grandison was representing himself, albeit with the assistance of standby counsel.

Assuming for the sake of argument that in a *non*bifurcated criminal proceeding a trial judge could in some circumstances deny a defendant who initially asserted his right to represent himself the right to later change his mind and proceed with counsel, such a rule would not imply that a waiver of counsel in the guilt phase of·a capital proceeding requires a defendant to proceed *pro se*, against his will, in the sentencing phase. The Maryland Court of Appeals cursorily dismissed petitioner's claim that, because capital sentencing constituted a separate trial, he was entitled to make a new decision about whether he wanted counsel or not. 305 Md. 685, 752, 506 A. 2d 580, 613 (1986). I find this claim worthy of considerably more attention than the Maryland court gave it.

In *Bullington* v. *Missouri*, 451 U. S. 430 (1981), this Court held that the Double Jeopardy Clause applied to the sentencing phase of a bifurcated trial. It did so because it found that a sentencing hearing was like a separate trial. "The presentence hearing resembled and, indeed, in all relevant respects was like the immediately preceding trial on the issue of guilt or innocence. It was itself a trial on the issue of punishment." *Id.*, at 438. Under the Maryland statute, Md. Ann. Code, Art. 27, § 413 (1982 and Supp. 1986), sentencing is similarly a separate adversarial proceeding, see § 413(a). It may require selection of a new jury, see §§ 413(b)(2)(i)–(iv). Evidence is offered, § 413(c)(1); the parties may present argument, § 413(c)(2); the jury is instructed, § 413(c)(3); and the jury deliberates and determines sentence. The Maryland proceeding is in all respects a separate trial on the issue of punishment. The waiver of the right to counsel at the first "trial" on guilt or innocence should therefore have no more bearing on a defendant's right to counsel in the sentencing phase than it would on that defendant's right to counsel in a separate trial on related crimes. It should under no circumstances irrevocably bind a defendant in the sentencing phase.

The trial court articulated no basis for refusing petitioner's request to appoint counsel.   Even at midtrial in a nonbifurcated proceeding, a trial court's unexplained refusal to permit a defendant to revoke his assertion of the right to self-representation would surely constitute an abuse of discretion.   A trial court cannot insist that a defendant continue representing himself out of some punitive notion that that defendant, having made his bed, should be compelled to lie in it.   Yet in this case, where petitioner's right to counsel was triggered anew by the start of a new trial on the issue of punishment, the trial court refused, entirely without justification, to permit him to assert that right to counsel.   This refusal deprived petitioner of his constitutional right to be represented during his sentencing hearing.   Accordingly, I dissent.*

---

*I note in addition that petitioner raises issues related to those that will be before the Court in *California* v. *Brown*, No. 85–1563, to be argued later this Term.   I would at the very least delay disposition of this petition until that case is decided.