824 A.2d 123

**Antwan Leroy CARTER**

v.

**STATE of Maryland.**

**No. 73, Sept. Term, 2002.**

Court of Appeals of Maryland.

May 14, 2003.

694

696

Nancy S. Forster, Deputy Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for Petitioner.

Celia Anderson Davis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. of MD, on brief), Baltimore, for Respondent.

Argued before BELL, C.J., ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA, JJ.

BATTAGLIA, Judge.

In Antwan Leroy Carter's trial on charges of possession of a regulated firearm by one previously convicted of a crime of violence, possession of a regulated firearm by a person under 21 years of age, and unlawful discharge of a firearm within the City of Baltimore, the Circuit Court for Baltimore City admitted evidence that Carter previously had been convicted of robbery with a deadly weapon. Carter had sought to shield the jury from learning the nature of his previous conviction. We granted a petition for a writ of certiorari to determine the appropriate method for a trial judge to minimize potential prejudice in a case where one element of a crime charged requires proving a previous conviction.

## I. Background

On August 29, 2000 at around 10:45 p.m., Officer Ronald Marriott of the Baltimore City Police Department was examining the scene of a shooting that had been reported earlier that evening. While conducting this examination in the 900 block of Coppin Court in Baltimore City, he heard gunfire,

which he estimated came from approximately 100 yards away. Officer Marriott ran to the area where he believed the gunfire originated and, there, he saw two men running up the sidewalk. One of those men, who turned out to be Antwan Leroy Carter, allegedly was carrying a handgun and shooting "straight up" into the air. Officer Marriott chased Carter, lost sight of him for around ten or fifteen seconds, and eventually spotted him "walking nonchalantly ... like nothing had ever happened." The officer then arrested Carter and did not recover any gun. A gunshot residue test on Carter's hands revealed that gunshot residue was present on his right hand although not on his left.

Carter was charged with possession of a regulated firearm by one who previously was convicted of robbery with a deadly weapon in violation of Maryland Code, Article 27 § 445(d) (1957, 1996 Repl. Vol., 1999 Supp.),[1] possession of a regulated firearm by one who is under the age of 21 in violation of Maryland Code, Article 27 § 445(e) (1957, 1996 Repl. Vol., 1999 Supp.),[2] and discharge of a firearm within Baltimore City in violation of the Baltimore City Code, Article 19 § 112.[3]

---

1. Maryland Code, Art. 27 § 445(d) provides in relevant part:

 A person may not possess a regulated firearm if the person:
 (1) Has been convicted of:
 (i) A crime of violence;
 (ii) Any violation classified as a felony in this State;
 (iii) Any violation classified as a misdemeanor in this State that carries a statutory penalty of more than 2 years; or
 (iv) Any violation classified as a common law offense where the person received a term of imprisonment of more than 2 years.

2. Maryland Code, Art. 27 § 445(e) provides in relevant part that "a person who is under 21 years of age may not possess a regulated firearm or ammunition solely designed for a regulated firearm."

3. As the Court of Special Appeals discovered, Carter had been charged under an outdated version of the Baltimore City Code. Prior to his charging date, Article 19 § 112 of the Baltimore City Code was renumbered and recodified in a substantively identical section under Baltimore City Code, Art. 19 § 59–2 (2000). Section 59–2 prohibits the "fir[ing] or discharg[ing] [of] any gun, pistol, or firearm within the City, unless it be on some occasion of military parade, and then by order of some officer having the command...."

After requesting a jury trial on November 17, 2000, Carter appeared before the Circuit Court for Baltimore City on November 20, 2000. On November 27, 2000, Carter filed an omnibus motion pursuant to Maryland Rule 4–252,[4] requesting in part that "he be tried separately for each offense." Carter was tried on January 25 and 26, 2001, and immediately prior to jury selection, he requested the trial judge to "sanitize the first count," in which proof of his previous conviction for armed robbery with a deadly weapon was an essential element. The following colloquy between Carter's counsel, the judge, and the prosecutor demonstrates two of Carter's suggested alternatives to having the jury consider the evidence of his prior conviction, to include: (1) severing the charges, and (2) bifurcating the elements of the criminal in possession charge:

> [DEFENSE COUNSEL]: [W]e were hoping that before you announced to the jury what the charges were that you would consider sanitizing the first count and redacting from it the charge that—convicted of a crime of violence—what we'll be proposing is that the charge of possession need not go to the jury. If they convict him of that, we understand that that is possession of a handgun by someone who's been convicted of a crime of violence. What it does is, obviously, it eliminates the potential prejudice—
>
> THE COURT: I'm hearing you, ... but I truly would have hoped for you to have raised all of these issues before I had the panel. I gave you an opportunity to do that. You are

---

Carter also was charged with reckless endangerment in violation of Maryland Code, Article 27, Section 12A–2 (1957, 1996 Repl. Vol., 1999 Supp.), which is not before us because his motion for acquittal was granted at the end of the State's case.

4. Maryland Rule 4–252 provides in relevant part:
 (a) **Mandatory motions.** In the circuit court, the following matters shall be raised by motion in conformity with this Rule and if not so raised are waived unless the court, for good cause shown, orders otherwise:

 * * *

 (5) A request for joint or separate trial of defendants or offenses.

not, I know, new to the bar and these issues are not new to the Court, so go ahead.

[DEFENSE COUNSEL]: And to be quite frank, Judge, I didn't think it would be much to do about it because it seems—it doesn't deprive the State of anything and, better yet, it ensures that this young man gets a fair trial on these charges.

THE COURT: Well, clearly, the count that the State is bringing is a crime, there's no question about that. And if that information came to the jury's attention, I would give ... an instruction, a curative instruction, so that the jury considers that prior conviction only for the purposes that— Let me hear from the State.

[PROSECUTOR]: Your Honor, I'd just point out that at this point we're ready to pick a jury. But also, that's one of the crimes that the Defendant is charged with, and I do believe that the jury, as the trier of fact, has to be able to decide that issue. That issue, there will be evidence presented to the jury to support a conviction on that charge the State's proffering, and that it's rightfully before this jury to decide.

Defense counsel explained that allowing evidence of the prior conviction potentially could lead to improper jury considerations:

[DEFENSE COUNSEL]: It would also require them to prove that he's been convicted of a crime of violence, which means they put in the conviction for robbery [with a] deadly weapon. Now we'd go to great lengths to keep that from the jury. . . .

\* \* \*

I guess what I'm saying, Judge, is what do we gain by sending that to the jury. It doesn't fairly and accurately— the central issue, whether he had a firearm. That doesn't— THE COURT: Well, in my estimation, ... that is a question for the jury to determine, whether, in fact, that particular crime has been violated by Mr. Carter or not, and I would—the suggestion I give to you is that I will instruct

the jury again not to consider—for any purpose contrary to Mr. Carter's interest. I would fashion an instruction when the time comes.

To prevent the jury from hearing any evidence about that prior conviction, defense counsel then suggested that Carter would admit that he had been convicted of a felony, one element of the criminal in possession charge:

> [DEFENSE COUNSEL]: I guess, Judge, what I'm saying is that we—can agree that when we're talking about possession of a handgun it is by someone [who has] been convicted of a felony violation. That is not someone who's under 21 years of age. We know that, but the jury doesn't necessarily want to know that, especially if it's a crime of violence because it's—we're only stating the prejudice—what difference does it make? Is that the issue?
>
> If we agree that he has a crime of violence and if they convict him of the handgun he's guilty of the—
>
> THE COURT: [W]hat you're telling me is that the jury should never know—
>
> [DEFENSE COUNSEL]: That's right.
>
> [THE COURT]:—about it. That's what your argument is, correct?
>
> [DEFENSE COUNSEL]: Yes, ma'am.
>
> [THE COURT]: The request is denied because I am satisfied that all of the charges that Mr. Carter is facing should go before the jury.

Having had this request denied, Carter next presented another method to shield the jury from learning that he had been convicted of robbery with a deadly weapon. He offered to stipulate that he had been convicted of a crime of violence so that the judge, in announcing the allegations, would not describe the nature of that previous crime to the jury:

> [DEFENSE COUNSEL]: Well, Your Honor, additionally, I think what the defense would be asking for in the alternative of our stipulation that if he were convicted of possession—be possibly convicted of the possession while being a

felon. If the Court were not inclined to proceed in that route, then we would at least ask that the Court simply indicate that he's convicted of a crime of violence without specifically enunciating which crime of violence it was that he was convicted of.

THE COURT: So what you're requesting is that my description indicate that he was—that the allegation was that, is that what you're asking me?

[DEFENSE COUNSEL]: That the allegation is that he was previously convicted of a crime of violence or even, probably more appropriately, of a felony. I mean, I think that that—if the State has an interest in the jury hearing that he's a prior felon and really essentially a prior felon in the commission of a crime of violence.

After the court agreed to announce the charge against Carter as "possession of a firearm after being convicted of a crime of violence" without describing the exact nature of the offense, the State refused to stipulate and continued to seek to introduce documentary evidence that Carter had pled guilty to robbery with a deadly weapon. Carter iterated his willingness to stipulate regarding his previous conviction to "alleviate[ ] the need to put in the gory details, so to speak, what that crime of violence is."

The State rejected Carter's offer to stipulate, and the court allowed the introduction of redacted docket entries, describing the previous conviction as "robbery with a deadly weapon." In making this decision, the court reasoned that, without a description of the previous crime, the jury might "speculate as to what that crime of violence can be" and possibly determine that "it, in fact, could be something maybe even worse than robbery with a deadly weapon."

The judge instructed the jury on how it should consider the evidence of Carter's previous armed robbery conviction, which she explained was a crime of violence:

You have heard evidence that the Defendant has been convicted of a crime. You may consider this evidence in determining the guilt or innocence of the Defendant with

respect to the crime charged of possession of a regulated firearm after having been convicted of a crime of violence. However, you may not consider this evidence in determining the Defendant's guilt or innocence of the crime of possession of a regulated firearm by a person who is under 21 years of age or of the crime of discharging a firearm within the City of Baltimore.

The jury returned guilty verdicts on all three counts. On April 10, 2001, the court sentenced Carter to two years of imprisonment on the first count, a consecutive one-year prison sentence on the second count, and a concurrent one-year term on the third count.

The Court of Special Appeals affirmed the convictions in *Carter v. State*, 145 Md.App. 195, 802 A.2d 460 (2002). The intermediate appellate court rejected Carter's contention that the trial court should have bifurcated the elements of the criminal in possession charge. It concluded that the State should be permitted to "disclose to the jury the fact that [Carter] previously was convicted of a crime of violence" because the jury might not appreciate the wrongfulness of his handgun possession without understanding why it was prohibited. *Id.* at 220, 802 A.2d at 474. The court also concluded that the Circuit Court did not err in refusing to sever the counts and try them separately because Carter failed to request a severance. *Id.* at 220–21, 802 A.2d at 475. Even if he had properly requested a severed trial, reasoned the court, denial of that request would have been appropriate because "evidence of [Carter's] prior conviction of a crime of violence under count one was not unduly or unfairly prejudicial to his defense against counts two and three." *Id.* at 224, 802 A.2d at 477.

Finally, the court approved the trial court's decision to allow disclosure of the nature of Carter's previous conviction (robbery with a deadly weapon). Following the Supreme Court's analysis in *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), the Court of Special Appeals held that trial judges, when presiding over criminal trials involving a criminal in possession charge, may allow disclosure of the

nature of the previous conviction charge only when its " 'probative value is substantially outweighed by the danger of unfair prejudice.' " *Carter*, 145 Md.App. at 230, 802 A.2d at 480 (quoting Md. Rule 5–403). In the court's view, the trial judge "performed the necessary [Md. Rule 5–403] balancing test and did not abuse its discretion" in identifying the previous conviction as a robbery with a deadly weapon. *Id.* at 231, 802 A.2d at 481.

Carter's petition for writ of certiorari, which we granted, *Carter v. State*, 371 Md. 261, 808 A.2d 806 (2002), presented the following three questions:

1. Did the trial court err in refusing to exclude evidence that [Mr. Carter] had been convicted of a crime of violence where the defense was willing to concede that element of the crime?

2. Did the trial court err in refusing [Mr. Carter's] offer to stipulate before the jury that he was guilty of a "crime of violence," instead of admitting evidence of his conviction for armed robbery?

3. Did the Court of Special Appeals err in finding that the trial judge performed the necessary and appropriate balancing test?

We agree with the Court of Special Appeals that the trial judge properly allowed the State to present evidence that Carter previously had been convicted of a crime for which he was prohibited from possessing a regulated firearm under Maryland Code, Article 27, Section 445(d). Nevertheless, because the trial judge erroneously permitted the introduction of evidence of the specific nature of Carter's previous conviction, we reverse.

## II. Standard of Review

In the present case, we are asked to address issues involving severance or joinder of charges and the admissibility of evidence. Rulings on matters of severance or joinder of charges are generally discretionary. *Frazier v. State*, 318 Md. 597, 607, 569 A.2d 684, 689 (1990); *Grandison v. State*, 305

Md. 685, 506 A.2d 580, *cert. denied,* 479 U.S. 873, 107 S.Ct. 38, 93 L.Ed.2d 174, *reh. denied,* 479 U.S. 1001, 107 S.Ct. 611, 93 L.Ed.2d 609 (1986); *Graves v. State,* 298 Md. 542, 544, 471 A.2d 701, 702 (1984). This discretion applies unless a defendant charged with similar but unrelated offenses establishes that the evidence as to each individual offense would not be mutually admissible at separate trials. *McKnight v. State,* 280 Md. 604, 612, 375 A.2d 551, 556 (1977). In such a case, the defendant is entitled to severance. *Id.* Nevertheless, where a defendant's multiple charges are closely related to each other and arise out of incidents that occur within proximately the same time, location, and circumstances, and where the defendant would not be improperly prejudiced by a joinder of the charges, there is no entitlement to severance. *Frazier,* 318 Md. at 611, 569 A.2d at 691; *Graves,* 298 Md. at 549–550, 471 A.2d at 704–05. In those circumstances, the trial judge has discretion to join or sever the charges, and that decision will be disturbed only if an abuse of discretion is apparent. *See Graves,* 298 Md. at 549–50, 471 A.2d at 704–05.

With respect to issues involving the admissibility of evidence, although relevant evidence is generally admissible, *Merzbacher v. State,* 346 Md. 391, 404, 697 A.2d 432, 439 (1997), it "should be excluded by the trial court, if the probative value of such evidence is determined to be substantially outweighed by the danger of unfair prejudice." *Andrews v. State,* 372 Md. 1, 19, 811 A.2d 282, 292 (2002) (citing Maryland Rule 5–403). " '[A] decision to admit relevant evidence over an objection that the evidence is unfairly prejudicial will not be reversed absent an abuse of discretion.' " *Merzbacher,* 346 Md. at 405, 697 A.2d at 439 (quoting *Williams v. State,* 342 Md. 724, 737, 679 A.2d 1106, 1113 (1996), *overruled on other grounds, Wengert v. State,* 364 Md. 76, 89, 771 A.2d 389, 396 (2001)).

### III. Discussion

Carter contends that the trial court made several erroneous rulings with respect to the evidence of his prior conviction. First, he claims that the trial judge improperly denied his

request to withhold all evidence of his prior conviction from the jury. Second, according to Carter, the trial judge committed reversible error by rejecting the suggestion that he inform the jury only that Carter had been convicted of a felony as opposed to a crime of violence. Third, Carter maintains, alternatively, that the trial judge committed error by describing the nature of the previous crime as robbery with a deadly weapon rather than merely referring to it as a "felony" or "crime of violence," as Carter suggested. We address each of Carter's arguments in turn.

## A.

According to Carter's first argument, the trial judge should have kept all information about his prior conviction from the jury. Carter claims that this could have been accomplished by one of two methods: (1) by trying the criminal in possession charge separately from the other counts, or (2) by bifurcating the elements of the criminal in possession charge so that his status as a felon was not revealed until after the jury determined whether he had possessed a firearm.

### 1. Severance

To prevent his former conviction from reaching the jury, Carter claims that the trial judge should have severed the criminal in possession charge from the other counts. This procedure would have involved the jury determining guilt only as to the charges of possession of a firearm by one under the age of 21 and discharging a firearm in the City of Baltimore. In the event of guilty verdicts on those charges, Carter claims he would have entered a "guilty plea" as to the criminal in possession charge. The State argues, however, that the Circuit Court did not abuse its discretion in denying the request for severance because the charges against Carter were closely related and, therefore, appropriately tried together without causing him undue or unfair prejudice.[5]

---

5. The State maintains also that Carter failed to preserve this issue on appeal because he did not move, pre-trial, to sever the charges pursuant

 As we observed above, the trial judge, ordinarily, is afforded discretion to decide whether to sever the counts of an indictment for trial. *Frazier v. State*, 318 Md. 597, 607, 569 A.2d 684, 689 (1990) (citing *Grandison v. State*, 305 Md. 685, 705, 506 A.2d 580 (1986)). In making this decision, the judge must weigh the likely prejudice against the defendant in trying the counts together against considerations of judicial economy and efficiency. *Frazier*, 318 Md. at 608, 569 A.2d at 689 (citing *McKnight v. State*, 280 Md. 604, 609–10, 375 A.2d 551, 555 (1977)). In a trial with counts that are joined as in the present case, the courts are most concerned that "the jury may use evidence of one of the crimes charged, or a connected group of them, to infer a criminal disposition on the part of the defendant from which he may also be found guilty of other crimes charged." *McKnight*, 280 Md. at 609, 375 A.2d at 554–55. The judge, however, must also consider the various countervailing aspects of judicial economy, including the time and resources of both the court and the witnesses. *See id.* at 608–09, 375 A.2d at 554. We will not disturb decisions of the trial judge that are based on this weighing of interests unless there has been an abuse of judicial discretion. *See Frazier*, 318 Md. at 612, 569 A.2d at 691.[6]

---

to Maryland Rule 4-252(a)(5). The Court of Special Appeals agreed with the State on this issue, reasoning that Carter's pre-trial omnibus motion failed to "specify that he sought to sever count two (possession of a regulated firearm by a person under the age of twenty-one) or count three (unlawfully discharging a firearm within the City of Baltimore) from count one (felon in possession of a firearm)." Carter's pretrial omnibus motion, however, moved that "he be tried separately for each offense." Carter also suggested to the trial judge that the jury should never know of the criminal-in-possession charge, to which the trial judge responded, "That request is denied because I am satisfied that all of the charges that Mr. Carter is facing should go before the jury." In our view, Carter adequately preserved the issue of severance for appellate review. *See* Maryland Rule 8-131(a) (permitting an appellate court to decide issues that have been "raised in or decided by the trial court").

6. Recently, in *Galloway v. State*, 371 Md. 379, 809 A.2d 653 (2002), we reviewed a trial court's decision to sever the counts against a defendant who had been charged with, *inter alia*, wearing, carrying, or transporting a handgun, and two counts of possessing a firearm after having

In *Frazier*, a case that bears a remarkable resemblance to the one before us, we determined that a trial judge had not abused his discretion in refusing to sever a trial of multiple counts against the defendant. *Id.* That case involved a defendant, Frazier, who sought to sever his criminal in possession of a firearm charge from other criminal counts that had arisen from a single series of events. *Id.* at 603, 569 A.2d at 687. The trial judge denied his request, and Frazier was convicted of "wearing, carrying and transporting a handgun" and "possession of a revolver after being convicted of a crime of violence." *Id.* at 603–04, 569 A.2d at 687. Following Frazier's unsuccessful appeal to the Court of Special Appeals, we granted his petition for writ of certiorari.

We explained, in *Frazier*, that counts may be joined, absent improper prejudice, if they are closely related and arise from incidents that occur within the same proximate time and space. Because Frazier's counts were closely related and all arose "out of one incident involving one person and one handgun," we required Frazier to "show that he was improperly prejudiced by the joinder" of the counts. *Id.* at 611, 569 A.2d at 691. As to Frazier's claim of improper prejudice, Judge Orth stated for the Court:

> been convicted previously of a crime. The trial court allowed the jury to determine guilt on all counts except the two criminal-in-possession counts, which the judge determined after the jury's finding. The jury acquitted the defendant on all of the counts before it, including the wearing and carrying count, but the judge found the defendant guilty on the criminal-in-possession charge. We reversed the convictions, holding that the trial judge "should have honored the jury's verdict and not rendered inconsistent verdicts." *Id.* at 416, 809 A.2d at 675.
>
> Judge Wilner wrote a concurring opinion in *Galloway*, in which he anticipated the difficulties that may arise as a result of the competing interests that are involved when criminal-in-possession charges are tried jointly with other charges. 371 Md. at 417, 809 A.2d at 676 (Wilner, J., concurring). He recognized that, on one hand, this type of proceeding "raises the prospect of [ ] undue prejudice to the defendant" because the jury would hear "evidence of the defendant's unsavory record or status" as a convicted criminal. *Id.* at 417–19, 809 A.2d at 676–77. On the other hand, he acknowledged that severing the charges "could require the empaneling of a new jury and a repetition of much of the evidence presented to the first jury." *Id.* at 419, 809 A.2d at 677.

We cannot conceive of a factual situation which would be less conducive to untoward prejudice than the circumstances here. The convictions go to the elements of the offense. Frazier was caught red-handed in possession of the handgun. Exactly the same evidence as to each charge would support a finding that Frazier unlawfully possessed a handgun, the foundation of both offenses. The only additional testimony as to one charge would be the fact of the prior conviction.

*Id.* at 611, 569 A.2d at 691. The trial judge's curative instruction, directing the jury to use the defendant's previous conviction only in deciding his guilt with respect to the criminal in possession charge, mollified any remaining concerns we had about potential prejudice to Frazier.

The case before us is no different from *Frazier*. Carter was charged with a number of crimes all emanating from a single incident and all involving the possession and discharge of a regulated firearm. Like in *Frazier*, the charges against Carter "could not be more closely related—the bases of the crimes were not merely similar, they were one and the same." *Id.* at 611, 569 A.2d at 691. All of the evidence that Carter possessed a firearm goes directly to the elements of the crimes with which he was charged. It makes little sense to hold a completely separate trial on the criminal-in-possession charge when the "only additional [evidence] as to [that] charge would be the fact of the prior conviction." *Id.* Carter suffered no undue prejudice as a result of the joinder, and considerable judicial resources were conserved by possibly avoiding a separate trial involving an entirely new jury hearing mostly the same evidence. Thus, we hold that the trial judge did not abuse her discretion in denying Carter's request to sever the counts against him.

## 2. Bifurcation of the Elements

■ Carter complains that the trial judge's denial of his request to bifurcate the elements of the criminal in possession charge allowed the state "to introduce highly prejudicial evidence against [him]." Carter insists, instead, that the trial

judge should have had the jury make a finding only as to Carter's possession of a regulated firearm. If the jury had made such a finding in the affirmative, only then would it have had to determine the other element of the charge, whether Carter had a qualifying conviction. This procedure would have prevented the jury from improperly considering Carter's criminal past in determining whether he possessed a regulated firearm on the night of August 29, 2000. The State responds that this type of bifurcated proceeding denies the jury the ability "to make a fully informed judgment" and "undermine[s] our jury system." According to the State, this is so because the jury might be hesitant to convict if the jurors do not learn, initially, why the defendant is charged criminally for possessing a firearm.

In its opinion in this case, the Court of Special Appeals comprehensively discussed the differing views among various jurisdictions on the issue of bifurcating a criminal charge in which the prosecution must prove some prior conviction. *Carter*, 145 Md.App. at 205–20, 802 A.2d at 465–75. We see no reason to repeat the court's extensive discussion, although it is useful to highlight the rationale behind the two predominant approaches to bifurcating a criminal charge.

Many courts have concluded that a trial judge does not possess authority to bifurcate a defendant's charge to prevent the jury from considering an element of that charge. This position is best represented by *United States v. Collamore*, 868 F.2d 24 (1st Cir.1989) *overruled on other grounds, United States v. Tavares*, 21 F.3d 1 (1st Cir.1994), where the United States Court of Appeals for the First Circuit reversed a trial court's decision to bifurcate the elements of a defendant's federal felon-in-possession charge. The court explained that "bifurcation of a trial by dividing it along the lines of the elements of the crime charged" would result in serious problems:

> First, when a jury is neither read the statute setting forth the crime nor told of all the elements of the crime, it may, justifiably, question whether what the accused did was a crime. The present case is a stark example. Possession of

a firearm by most people is *not* a crime. A juror who owns or who has friends and relatives who own firearms may wonder why Collamore's possession was illegal. Doubt as to the criminality of Collamore's conduct may influence the jury when it considers the possession element.

*Id.* at 27–28 (footnote omitted). Such a procedure would also have required giving the jury special instructions, which the court disfavored in criminal cases. *Id.* at 28. The court also observed that, despite a defendant's offer to stipulate, the government may choose to present evidence of the previous conviction. *Id.*

The Second Circuit followed similar reasoning in *United States v. Gilliam*, 994 F.2d 97 (2d. Cir.), *cert. denied*, 510 U.S. 927, 114 S.Ct. 335, 126 L.Ed.2d 280 (1993). It also held that a trial court may not bifurcate the prior-conviction element from the other elements of a federal felon-in-possession charge. The court discussed the role of the jury as "representatives of the people [whose role it is to] rebuke the accused for violation of community standards, morals, or principles." *Id.* at 101. Eliminating an element of a charge from the jury's consideration renders the jurors "no more than factfinders" and denies them their role as representatives of the community's conscience. *Id.* The court explained:

Gilliam's proposal violates the very foundation of the jury system. It removes from the jury's consideration an element of the crime, leaving the jury in a position only to make findings of fact on a particular element without knowing the true import of those findings. Again, Gilliam is not charged with mere possession of a weapon, but with possession by a convicted felon. The jury speaks for the community in condemning such behavior, and it cannot condemn such behavior if it is unaware of the nature of the crime charged.

*Id.* at 100–01.

Other federal appellate courts have followed this reasoning in determining that the government has a right to present evidence of all elements of the crime charged, including the

defendant's previous conviction underlying a criminal-in-possession charge. *See United States v. Koskela,* 86 F.3d 122, 125–26 (8th Cir.1996) (citing *Collamore* in affirming the trial court's decision not to bifurcate the elements of a felon in possession charge); *United States v. Birdsong,* 982 F.2d 481, 482 (11th Cir.1993) (per curiam) (adopting the reasoning of *Collamore* and holding that the district court did not err in denying the defendant's request for bifurcation); *United States v. Barker,* 1 F.3d 957, 959 (9th Cir.1993) (holding that the district court may not "bifurcate the single offense of being a felon in possession of a firearm into multiple proceedings").

Several state appellate courts have come to the same conclusion that bifurcation of the elements should not be entertained in trying a defendant on criminal-in-possession charges. *See Goodall v. United States,* 686 A.2d 178, 183 (D.C.1996) (stating, with respect to a defendant's request to have the judge decide the felony element and the jury decide the possession element, that "[w]e are not aware of any precedent that would justify such a bifurcation of a criminal charge, trying certain elements to the bench and the remaining elements to the jury"); *Spearman v. Indiana,* 744 N.E.2d 545, 548–50 (Ind. App.2001) (citing *Collamore* and holding that bifurcation was not permissible); *Alaska v. McLaughlin,* 860 P.2d 1270, 1277, 1278 n. 15 (Alaska Ct.App.1993) (concluding that, in cases "in which the charged offense consists of conduct that is ordinarily lawful, [and] is rendered unlawful only because of the defendant's prior conviction of a felony," all of the elements of a charge should be tried together, so the jury has a "full understanding of the cause at issue—the wrongdoing for which the accused has been held to answer"); *Essex v. Virginia,* 18 Va.App. 168, 442 S.E.2d 707, 710 (1994) ("Where a necessary element of the Commonwealth's case is that the accused is a convicted felon, evidence which tends to directly prove that fact cannot be excluded on the ground that its proof is prejudicial to the accused.").

A few courts, however, have held that a trial court, at its discretion, may allow bifurcation of the proof of the elements

of a criminal in possession charge. *See, e.g., Minnesota v. Davidson,* 351 N.W.2d 8, 11–12 (Minn.1984); *Wisconsin v. Alexander,* 214 Wis.2d 628, 571 N.W.2d 662, 672 (1997); *United States v. Mangum,* 100 F.3d 164, 171 (D.C.Cir.1996). Most of these courts require the trial court, in exercising its discretion, to weigh the probative value of the evidence of the prior conviction against the danger of unfair prejudice to the defendant. The door is left open, under these holdings, to allow the jury to hear evidence of and determine whether the defendant actually possessed a firearm before it hears evidence of any previous convictions. Courts that allow this procedure have expressed concern that the jury is likely to engage in propensity or bad character reasoning if the jury hears evidence of the previous convictions along with the firearm-possession element, especially when the nature of the previous conviction is the same as the crime charged. *Alexander,* 571 N.W.2d at 672.[7]

Although we, too, understand the dangers of introducing evidence of a defendant's previous conviction where the jury is considering a similar crime, we conclude that the proper approach is that which encourages the entirety of the charge to be heard by the jury. We are most persuaded by the predominant reasoning of the courts in *Collamore* and *Gilliam.* The jury's role in deciding guilt or innocence involves more than merely finding innocuous facts; rather, it requires a judgment about an individual's behavior based on an established code. This determination cannot be reached reliably without a full appreciation of the criminality of one's behavior. The jurors must know, therefore, why they are being asked to subject an individual to criminal punishment for possessing a firearm when, generally, such an act is not illegal. When the

---

7. Judge Wilner's concurrence in *Galloway* noted that several courts have approved some type of bifurcation procedure to prevent the potential for prejudice to the previously convicted defendant tried on felon-in-possession charges. 371 Md. at 419–20, 809 A.2d at 677–78 (citing *United States v. DeMasi,* 40 F.3d 1306 (1st Cir.1994); *United States v. Joshua,* 976 F.2d 844 (3rd Cir.1992); *United States v. Nguyen,* 88 F.3d 812 (9th Cir.1996)). He also warned that "not everyone agrees that the bifurcation approach is a good one...."

jury does not understand that the defendant may not possess a firearm because of a previous criminal conviction, its ability to carry out its role is impeded.

In saying this and adopting the reasoning of the federal courts, we recognize that, in the federal system, the government is entitled to a jury trial in criminal cases, whereas, in Maryland, the State has no entitlement to a jury trial in criminal cases. The option of a jury trial in Maryland belongs entirely to the defendant. *Compare Singer v. United States,* 380 U.S. 24, 36, 85 S.Ct. 783, 790, 13 L.Ed.2d 630, 638 (1965) ("[T]he Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before [the jury,] the tribunal which the Constitution regards as most likely to produce a fair result."), *and United States ex rel. Williams v. De Robertis,* 715 F.2d 1174, 1178 (7th Cir.1983) ("[A] defendant does not have a constitutional right to waive a jury trial and insist upon a bench trial; either the court or the prosecutor may veto his request for a bench trial."), *with* Maryland Rule 4–246(b) (providing that a "defendant may waive the right to a trial by jury at any time before the commencement of trial"), *Martinez v. State,* 309 Md. 124, 133, 522 A.2d 950, 954 (1987) (stating that once a criminal defendant waives the right to a jury trial, "the State may not elect a jury trial"), *and Countess v. State,* 286 Md. 444, 451, 408 A.2d 1302, 1305 (1979) ("[T]he prosecution has no say as to the mode of trial; whether the accused is to be tried by court or jury is his prerogative."). This distinction, however, does not affect our resolution in this case. The courts' analyses in *Collamore* and *Gilliam* did not focus primarily on the "right" of the federal government to present its case to a jury. Rather, those courts relied to a great extent on the one factor that, we believe, militates most against bifurcation: ensuring that the jury understands the criminality of the alleged conduct. *Gilliam,* 994 F.2d at 101; *Collamore,* 868 F.2d at 28. Moreover, the issue of bifurcation would only come into play if the defendant elects to have a jury trial. If the defendant waives a jury trial, there is no cause for concern over improper considerations of the defendant's previous conviction. The

judge, as fact-finder, is able to consider evidence of any previous conviction only for the purpose of determining that single element of the criminal-in-possession charge.

■ With these principles in mind, we hold that the proper course is to require a trial judge, when the defendant elects a jury trial, to allow the State to present evidence of all elements of a criminal-in-possession charge. In the case at bar, therefore, the Circuit Court properly denied Carter's request to withdraw evidence of his previous conviction from the jury's consideration.

### B. Offer to Stipulate

■ Because Carter's final two contentions are closely related, we address them together. He argues that the trial judge, having decided to allow the jury to hear evidence of the prior conviction, improperly denied his request to preclude any mention to the jury of the nature of that conviction. In Carter's view, because he was willing to admit the prior conviction, the State had no reason to introduce, and the court should not have admitted, evidence that the prior conviction was for robbery with a deadly weapon. Rather, the jury should have been told that Carter had been previously convicted of a felony or, if that description was rejected, the previous conviction should have been referred to as a conviction of a crime of violence.

The State's position is that the decision to admit the name of Carter's prior conviction fell within the trial court's discretion. Moreover, from the State's standpoint, the trial court properly exercised its discretion because a broad description of Carter's previous crime, such as "felon" or "crime of violence," would have allowed the jury to speculate that he committed a crime "even worse than robbery with a deadly weapon." Thus, according to the State, Carter actually benefitted from the court's decision to allow the crime to be described as robbery with a deadly weapon.

The Supreme Court faced a situation almost identical to the one before us in *Old Chief v. United States,* 519 U.S. 172, 117

S.Ct. 644, 136 L.Ed.2d 574 (1997). The petitioner in that case, Old Chief, faced charges of assault with a dangerous weapon, using a firearm in relation to a crime of violence, and possession of a firearm by one who has been convicted of a crime punishable by imprisonment for a term exceeding one year. Prior to his arrest on those charges, Old Chief had been convicted of "assault causing serious bodily injury," a crime that qualified as a felony. As here, the petitioner, at trial, sought to avoid improper jury considerations by preventing any reference to the exact nature of his previous crime. To that end, he offered to "solve the problem ... by stipulating, agreeing and requesting the Court to instruct the jury that he has been convicted of a crime punishable by imprisonment exceeding one (1) year." The trial court allowed the prosecutor to reject the offer and to later present evidence of the exact nature of Old Chief's previous assault conviction. The jury convicted Old Chief on all three counts.

Following Old Chief's unsuccessful appeal to the Ninth Circuit, the Supreme Court reversed. The Court characterized the "principal issue [as] the scope of a trial judge's discretion under [Federal Rule of Evidence] 403, which authorizes exclusion of relevant evidence when its 'probative value is substantially outweighed by the danger of unfair prejudice....'" *Id.* at 180, 117 S.Ct. at 650, 136 L.Ed.2d at 587. "Unfair prejudice," the Court stated, results whenever evidence "lure[s] the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Id.* at 180, 117 S.Ct. at 650, 136 L.Ed.2d at 588. The Court observed that "[s]uch improper grounds certainly include ... generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged (or, worse, as calling for preventive conviction even if he should happen to be innocent momentarily)." *Id.* at 180–81, 117 S.Ct. at 650, 136 L.Ed.2d at 588.

The Court commented that evidence of one's previous convictions invites this type of "bad character" reasoning that courts almost unanimously have come to disallow. *See id.* at 181–82, 117 S.Ct. at 650–51, 136 L.Ed.2d at 588–89. The

Court explained that evidence of prior convictions is subject to the balancing test under Federal Rule of Evidence 403, weighing the probative value of the evidence against its prejudicial effect. *Id.* at 182, 117 S.Ct. at 651, 136 L.Ed.2d at 589. This balance, according to the Court, must be considered by "comparing evidentiary alternatives." *Id.* at 184, 117 S.Ct. at 652, 136 L.Ed.2d at 590. That is, rather than by assessing, in isolation, the evidentiary item's "twin tendencies" (probative value and prejudicial effect), courts should consider that item " 'in view of the availability of other means of proof and other facts appropriate for making a decision of [its admissibility].' " *Id.* at 184, 117 S.Ct. at 652, 136 L.Ed.2d at 590 (quoting Advisory Committee's Notes of Fed. Rule Evid. 404, 28 U.S.C.App., p. 861).

As to the specific problem raised by evidence of a prior conviction for purposes of proving a felon in possession of a firearm charge, the Court wrote:

> [T]here can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant. That risk will vary from case to case ... but will be substantial whenever the official record offered by the Government would be arresting enough to lure a juror into a sequence of bad character reasoning.

*Id.* at 185, 117 S.Ct. at 652, 136 L.Ed.2d at 591.

The Court observed that Old Chief had offered an evidentiary alternative to presenting the name or nature of the previous conviction. This alternative came in the form of an offer to stipulate, which, in the Court's view, "amounted to an offer to admit that the prior-conviction element was satisfied...." *Id.* at 186, 117 S.Ct. at 653, 136 L.Ed.2d at 591. The Court suggested that "Old Chief's proffered admission would, in fact, have been not merely relevant but seemingly conclusive evidence of that element" and that the name of the prior offense "addressed no detail in the definition of the prior-conviction element that would not have been covered by the stipulation or admission." *Id.*

Addressing the prosecution's claim that the proposed stipulation deprived it of the opportunity to "present the full evidentiary force of its case," the Court wrote:

> This recognition that the prosecution with its burden of persuasion needs evidentiary depth to tell a continuous story has, however, virtually no application when the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him. As in this case, the choice of evidence for such an element is usually not between eventful narrative and abstract proposition, but between propositions of slightly varying abstraction, either a record saying that conviction for some crime occurred at a certain time or a statement admitting the same thing without naming the particular offense.... The most the jury needs to know is that the conviction admitted by the defendant falls within the class of crimes that Congress thought should bar a convict from possessing a gun, and this point may be made readily in a defendant's admission and underscored in the court's jury instructions.

*Id.* at 190–91, 117 S.Ct. at 654–55, 136 L.Ed.2d at 593–94.

The Court announced its "general rule," concluding:

> Given these peculiarities of the element of felony-convict status and of admissions and the like when used to prove it, there is no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of the official record the prosecution would prefer to place in evidence.... In this case, as in any other in which the prior conviction is for an offense likely to support conviction on some improper ground, the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available.

*Id.* at 191–92, 117 S.Ct. at 655–56, 136 L.Ed.2d at 594–95 (footnote omitted).

The Supreme Court of Florida has followed the reasoning of the *Old Chief* Court in *Brown v. State,* 719 So.2d 882 (Fla. 1998). The petitioner in *Brown* was charged with and convicted of "unlawfully possessing a firearm by a convicted felon in violation of [a Florida statute]." *Id.* at 884. The petitioner had offered to stipulate as to the existence of the " 'convicted felon' element." Despite this offer and over objection at trial, the prosecution was allowed to introduce certified copies of the petitioner's several previous convictions into evidence to prove the " 'convicted felon' " element of the crime. *Id.*

On appeal, the Supreme Court of Florida reversed the convictions based, in large part, on *Old Chief.* Construing Florida's equivalent of Federal Rule of Evidence 403, the court held that, "when requested by a defendant in a felon-in-possession of a firearm case, the trial court *must approve* a stipulation whereby the parties acknowledge that the defendant is, without further elaboration, a prior convicted felon." *Id.* at 889 (emphasis added). The court further required that "neither the[ ] documents [of the previous convictions] nor the number and nature of the prior convictions should be disclosed to the trial jury." *Id.* at 889. The court's rationale was varied. It, like the Supreme Court in *Old Chief,* was persuaded that the prosecution's interest in telling "a continuous story has ... virtually no application when the point at issue is the defendant's legal status." *Id.* at 885. Furthermore, the court reasoned, "Offering into evidence anything beyond what is necessary to establish the defendant's legal status as a convicted felon is irrelevant to the current proceeding, has 'discounted probative value,' and may needlessly risk a conviction on improper grounds." *Id.* at 889.

The Supreme Court of Kansas interpreted *Old Chief* similarly in *State v. Lee,* 266 Kan. 804, 977 P.2d 263 (1999). The petitioner in that case, Lee, appealed a conviction for violating a Kansas statute that prohibited convicted felons from possessing firearms. *Id.* at 265. At trial, Lee had offered to stipulate as to his felony status to prevent the jury from hearing evidence of his previous felony conviction of aggravated battery. The trial judge, nevertheless, had admitted evi-

dence of the nature of Lee's prior conviction. In finding error in the trial court's decision, the high court of Kansas embraced a "limited rule for application in a status case" to provide for the "[e]xclusion of evidence on the basis of undue prejudice." *Id.* at 270. The court expressly adopted the reasoning of *Old Chief* and *Brown,* holding that, "[w]hen requested by a defendant in a criminal possession of a firearm case, the [trial court] *must approve* a stipulation whereby the parties acknowledge that the defendant is, without further elaboration, a prior convicted felon." *Id.* at 270–71 (emphasis· added). Like in *Brown,* the court instructed that "neither [documents of the previous conviction] nor the number and nature of the prior convictions should be disclosed to the trial jury." *Id.* at 271.

We see no meaningful difference between Old Chief, *Brown; Lee,* and the case before us. In all of those cases, the prosecution needed to prove only that the defendants were felons to satisfy the prior conviction element. Maryland courts, like their Federal, Florida, and Kansas counterparts, permit the exclusion of evidence if "its probative value is substantially outweighed by the danger of unfair prejudice." Maryland Rule 5–403. We agree with *Old Chief* that the name and nature of a previous conviction, although "technically relevant," "addresse[s] no detail in the definition of the prior-conviction element that would not [be] covered by the stipulation or admission [of that element]." Therefore, we, too, are of the opinion that, when requested by the defendant in a criminal-in-possession case under Maryland Code, Article 27, Section 445, the trial court must accept a stipulation or admission that the defendant was convicted of a crime that qualifies under the criminal-in-possession statute.[8] We hold

8. We acknowledge that *Old Chief* did not announce a *per se* rule that, under Federal Rule of Evidence 403, the name or nature of a previous conviction must always be withheld from the jury in a felon-in-possession case in which the defendant offered to stipulate or admit to that previous conviction. The high courts in Florida and Kansas did, however, and we share their view.

also that, in such situations, the name or nature of the previous conviction should not be disclosed to the jury.[9]

The trial judge in the present case, however, rejected Carter's offer to admit that he had been convicted of a "felony" or "crime of violence" and, instead, allowed the State to introduce evidence that Carter previously had been convicted of "robbery with a deadly" weapon. The admission of this evidence, although of negligible probative value as to the defendant's legal status under Section 445, unduly prejudiced Mr. Carter by possibly luring the jury "into a sequence of bad character reasoning." *See Old Chief,* 519 U.S. at 185, 117 S.Ct. at 652, 136 L.Ed.2d at 591. Thus, the judge's refusal to strike the objectionable language constituted an abuse of discretion, and Carter's convictions must be reversed.

As a result of the rubric of Section 445, our inquiry does not end here. Section 445 prohibits firearm possession by individuals who have been convicted of any one of numerous categories of crimes listed under subsection (d). Those categories include "a crime of violence," a felony, a misdemeanor carrying a statutory penalty of more than two years in prison, or a common law violation that results in a term of imprisonment

---

**9.** Numerous federal courts, prior to the Supreme Court's decision in *Old Chief,* also required trial judges to accept offers to stipulate the previous-conviction element of a felon-in-possession charge. *See, e.g., United States v. Wacker,* 72 F.3d 1453, 1472–73 (10th Cir.1995) ("Today we hold that where a defendant offers to stipulate as to the existence of a prior felony conviction, the trial judge should permit that stipulation to go to the jury as proof of the status element of [the federal firearm possession statute], or provide an alternative procedure whereby the jury is advised of the fact of the former felony."); *United States v. Jones,* 67 F.3d 320, 324–25 (D.C.Cir.1995) (holding that the trial judge abused its discretion in denying a motion to exclude evidence of the nature of the defendant's prior conviction and, further, noting that the trial judge erred in informing the jury of the nature of the defendant's prior conviction); *United States v. Tavares,* 21 F.3d 1, 5 (1st Cir.1994) (en banc) (stating that it "cannot now conceive of circumstances in which the probativeness of the facts surrounding a prior conviction would outweigh the prejudice to the defendant from admission of those details"); *United States v. Poore,* 594 F.2d 39, 43 (4th Cir.1979) ("As long as appellant stipulates to the prior felony conviction, the district court should strike the language descriptive of the nature of that felony conviction from . . . the indictment.")

of more than two years. Code, Art. 27 § 445(d)(i)–(iv). In light of these numerous categories, the question then becomes how may the trial judge characterize the previous conviction when instructing the jury of the defendant's stipulation or admission.

 We hold that, when the defendant admits or the parties stipulate to the previous-conviction element of a charge under Section 445(d), the trial judge should inform the jury that the defendant admits that he or she has been convicted of a crime for which he or she is prohibited from possessing a regulated firearm under the law. The judge should not describe the previous conviction with any more particularity or by using the categories of crimes under Section 445 (such as "crime of violence" or "felony").[10] A description of the conviction by its statutory category carries with it a high potential to lure jurors "into a sequence of bad character reasoning," just as if the judge described the crime by its name or nature (i.e., robbery with a deadly weapon). Moreover, describing the crime with particularity is no more probative that the previous-conviction element exists than if the judge were to use the general language set forth above. This general description also avoids any potential confusion in determining how to characterize a previous conviction that fits more than one of the categories of crimes listed under Section 445(d).

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REVERSE THE JUDGMENT*

---

10. In a somewhat analogous case, *State v. Broberg*, 342 Md. 544, 677 A.2d 602 (1996), we addressed whether the trial judge may admit "in life" photographs of a homicide victim after the parties had stipulated to the victim's identity. We concluded that "the trial judge should retain the discretion to determine whether evidence may be admitted to prove a stipulated fact." *Id.* at 560, 677 A.2d at 609. Our opinion in the present case should not be perceived as a withdrawal from our position in *Broberg* but, rather, as a recognition that, as a matter of law, the probative value of the name or nature of a previous conviction is substantially outweighed by the danger of undue prejudice when the defendant admits or the parties stipulate to the prior-conviction element under Section 445.

*OF THE CIRCUIT COURT FOR BALTIMORE CITY AND REMAND THE CASE TO THAT COURT FOR A NEW TRIAL ON ALL COUNTS. COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.*

ELDRIDGE, J., files opinion concurring in result.

ELDRIDGE, Judge, concurring in part.

I concur in the result and in Part III, subpart B, of the Court's opinion. I do not join the remainder of the majority's opinion.