**F I L E D**

PUBLISH

**December 20, 2006**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 05-3474

DOUGLAS SMITH,

Defendant-Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. NO. 04-20090-01-CM)**

Submitted on the briefs:[*]

Robin D. Fowler of Bath & Edmonds, P.A., Overland Park, Kansas, for
Defendant-Appellant.

Eric F. Melgren, United States Attorney, and Tristram W. Hunt, Assistant United
States Attorney, Kansas City, Kansas, for Plaintiff-Appellee.

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

**McCONNELL**, Circuit Judge.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fe. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

A jury convicted Douglas Smith on June 17, 2005, of four counts of manufacturing methamphetamine with intent to distribute, maintaining a drug-involved premises, and possessing firearms during and in relation to a drug-trafficking crime. On December 5, 2005, the trial court sentenced Mr. Smith to 123 months in prison. Mr. Smith appeals his conviction as to one count—possession of firearms during the crime—on the ground that the government failed to present sufficient evidence for the jury to conclude that the five weapons charged in the indictment were in fact "firearms" under 18 U.S.C. § 921(a)(3). We reject Mr. Smith's challenge and **AFFIRM** the court below.

18 U.S.C. § 921(a)(3) defines a firearm as follows:

> The term "firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm.

*Id.* Although Mr. Smith argues that the government did not prove the weapons recovered from his home fell within this statutory definition, he stipulated before trial that the weapons did indeed satisfy the statute. The government did not, however, read this stipulation to the jury during the evidentiary portion of the trial. Instead, Mr. Smith's stipulation formed the basis for jury instruction thirty-three, which advised jurors that the five weapons found in the defendant's home "were all test-fired by government agents, and all the firearms functioned as designed." R. vol. 1, doc. 54 at 39. Mr. Smith asks this Court to hold that as a

result of the prosecution's failure to present the stipulation directly to the jury, there was insufficient evidence to support a guilty verdict.

We begin with a statement of the applicable law. It is well established that "by stipulating to elemental facts, a defendant waives his right to a jury trial on that element." *United States v. Mason*, 85 F.3d 471, 472 (10th Cir. 1996). *See also United States v. Meade*, 175 F.3d 215, 223 (1st Cir. 1999); *United States v. Melina*, 101 F.3d 567, 572 (8th Cir. 1996); *United States v. Keck*, 773 F.2d 759, 769-70 (7th Cir. 1985); *United States v. Houston*, 547 F.2d 104, 107 (9th Cir. 1976) (per curiam). By virtue of his stipulation, Mr. Smith waived his right to a jury finding that the weapons recovered from his home satisfied the statutory definition.

Mr. Smith contends that despite his waiver, he retained the right to require the government to present his stipulation to the jury before the close of evidence. But the very nature of a defendant's waiver is that it frees the government from the obligation to present *any* evidence regarding the element in question. Certainly the government must inform the jury of the defendant's stipulation at some point, in order to provide jurors with the information they need to convict under the statute. Yet the stipulation is not itself evidence; it is an admission—a waiver of the right to demand evidence. Therefore, there is no reason that a stipulation must be presented to the jury during the evidentiary portion of the trial. We hold that the government is at liberty to inform jurors of the stipulation

-3-

via jury instruction, so long as the instruction is clear and accurately reports the facts admitted by the defendant.

Other courts to consider the issue have reached this same conclusion. In *United States v. Harrison*, 204 F.3d 236, 242 (D.C. Cir. 2000), the District of Columbia Circuit held that "nothing in either law or logic compels us to reverse a conviction when the defendant enters into a stipulation on an element and then seeks a windfall from the government's failure to formally read the stipulation to the jury." The Fifth Circuit, *United States v. Branch*, 46 F.3d 440, 442 (5th Cir. 1995), and the Eleventh Circuit, *United States v. Hardin*, 139 F.3d 813, 816 (11th Cir. 1998), have similarly held that a stipulation waives the defendant's right to put the government to proof on the stipulated element, including a reading of the stipulation itself.

Mr. Smith points this Court to the Ninth Circuit's decision in *United States v. James*, 987 F.2d 648 (9th Cir. 1993), in which the court reversed Defendant James's conviction due to insufficient evidence after the government failed to present the defendant's stipulation of a critical element to the jury. *Id.* at 652. In *James*, however, the government not only declined to read the defendant's stipulation into evidence, it failed to inform the jury of the stipulation at all. Specifically, the jury instructions made no mention of the defendant's waiver. In light of this omission, the Ninth Circuit concluded that "the government has failed to present any evidence on an essential element of the crime." *Id.* That is not the

case here. Jury instruction thirty-three explicitly informed jurors that they were entitled to assume the status of Mr. Smith's weapons as properly functioning firearms to be "facts . . . proven beyond a reasonable doubt." R. vol. 1, doc. 54 at 39.

Even had the government not informed the jury of Mr. Smith's stipulation, we conclude that the evidence introduced at trial was sufficient for a reasonable juror to infer that the weapons recovered in the Smith residence were firearms within the meaning of the statute. Officer A.J. Schmidt of the Ottawa, Kansas, police department testified that the weapons officers found—a .22 Magnum, two 12-gauge shotguns, a 20-gauge shotgun, and a 30-30 Marlin rifle—were all fully intact, loaded, and ready to be fired. The Marlin rifle had a round in the chamber. Mr. Smith's daughter testified that she had observed Mr. Smith fire the shotguns and watched her mother and father both fire the .22 handgun at "New Year's," presumably referring to New Year's Day 2004, two weeks before Mr. Smith's arrest. This evidence is sufficient to support a reasonable juror's conclusion that the weapons were "designed to or may readily be converted to expel a projectile by the action of an explosive." 18 U.S.C. § 921(a)(3)(A). We need not explore this basis for affirmance in great depth, however, as Mr. Smith's stipulation on this issue was appropriately presented to the jury.

The judgment of the United States District Court for the District of Kansas is **AFFIRMED**.